1 MELINDA HAAG (CABN 132612)
  United States Attorney

2
  BRIAN J. STRETCH (CABN 163973)
3 Chief, Criminal Division

4 JOSHUA HILL (CABN 250842)
  Assistant United States Attorney

5

6          1301 Clay Street, Suite 340S
           Oakland, California 94612
7          Telephone: (510) 637-3740
           Facsimile: (510) 637-3724
8

   Attorneys for Plaintiff
9

           **FILED**

           AUG 2 7 2010

           RICHARD W. WIEKING
           CLERK, U.S. DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
           OAKLAND

                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DIVISION

12
   UNITED STATES OF AMERICA,        )    No.   CR-10-00488 PJH
13                                   )
                Plaintiff,           )    STIPULATION AND [~~PROPOSED~~]
14                                   )    PROTECTIVE ORDER RE: DISCOVERY
        v.                           )    OF PERSONAL AND FINANCIAL
15                                   )    INFORMATION
   JAMES DALE BROWN,                 )
16      aka Bob Lewis                )
                                     )
17              Defendant.           )
                                     )    OAKLAND VENUE
18                                   )
                                     )
19  _____

20          With the agreement of the parties, and with the consent of the defendant, and good cause

21  appearing, the Court enters the following order:

22          Defendant James Dale Brown is charged with one count of distributing child pornography

23  and material that contained child pornography, as defined in 18 U.S.C. § 2256(8), that had been

24  mailed and shipped and transported in interstate and foreign commerce in violation of 18 U.S.C.

25  §§ 2252a(A)(2) and (b)(1), one count of knowingly possessing material that contained an image

26  of child pornography as defined in, 18 U.S.C. § 2256(8), that had been mailed, and shipped and

27  transported in interstate and foreign commerce by any means, and that was produced using

28  materials that had been mailed, and shipped and transported in interstate and foreign commerce

PROTECTIVE ORDER
[CR-10-00488 PJH]
co: Nichole, Copy to parties via ECF

1    in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), and one count of attempting to obstruct,

2    delay and affect commerce and the movement of articles and commodities in such commerce by

3    extortion, as defined in 18 U.S.C. § 1951, in that the defendant attempted to obtain the property

4    of minor Jane Doe with minor Jane Doe's consent induced by the wrongful use of force,

5    violence, and fear in violation of 18 U.S.C. §1951.

6         Upon request, the United States will produce to counsel for the defendant discovery,

7    some of which may contain personal identifying information, such as birth dates, home

8    addresses, and other identifying information pertaining to the minor victim in this case.  Pursuant

9    to the privacy protection measures mandated by 18 U.S.C. § 3509(d) when a case involves a

10   person under the age of eighteen years who is alleged to be a victim of a crime of sexual

11   exploitation, or a person under the age of eighteen years who is a witness to a crime committed

12   against another person, the government requests that all persons acting in this case in a capacity

13   described in 18 U.S.C. § 3509(d)(1)(B) be subject to the following restrictions:

14        1.    Except when being actively examined for the purpose of the preparation of the

15   defense, the documents containing personal identifying information of the minor victim, the

16   family of the minor victim, or any minor witnesses, produced by the government to defense

17   counsel shall be maintained in a locked, safe, and secure drawer, cabinet, or safe which is

18   accessible only to defense counsel, members of his or her law firm who are working with him or

19   her to prepare the defendant's defense, and his or her investigator.  Defense counsel, members of

20   his or her law firm, the defendant, and the investigator shall not permit any person access of any

21   kind to the documents or disclose in any manner the personal identifying information of the

22   minor victim, the family of the minor victim, or any minor witnesses except as set forth below.

23        2.    The following individuals may examine the documents and information related to

24   the personal identifying and private financial information of third parties for the sole purpose of

25   preparing the defense and for no other purpose:

26             a)    Counsel for defendant;

27             b)    Members of the defendant' law offices who are assisting with the

28                   preparation of the defense;

     c)     Defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph;

     d)     Investigators retained by defendant to assist in the defense of this matter; and

     e)     Consulting and testifying experts retained by defendant to assist in the defense of this matter.

If defense counsel determines that additional persons are needed to review the material, he or she must obtain a further order of the Court before allowing any other individual to review the material.

     3.     A copy of this order shall be maintained with the documents at all times.

     4.     All individuals other than defense counsel, investigators retained by defense counsel, and the defendant who receive access to the materials pursuant to this Order, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that:

     a)     they have reviewed the Order;

     b)     they understand its contents;

     c)     they agree that they will only access the documents and information for the purposes of preparing a defense;

     d)     they understand that failure to abide by this Order may result in sanctions by this Court.

Counsel for the defendant shall promptly file signed copies of the Order, ex parte and under seal. The government shall have no access to these signed copies without further order of the District Court.

     5.     No other person may be allowed to examine the material without further court order. Examination of the documents shall be done in a secure environment which will not expose the materials to other individuals not listed above.

     6.     Documents such as word processing files, e-mails, and other text files may be duplicated to the extent necessary to prepare the defense of this matter.

     7.     Any pleadings that reveal the personal identifying or private information of third

1   parties, either by attaching copies of documents containing that information or referencing that

2   information, shall be redacted to prevent the disclosure of such information or filed under seal.

3        8.    All papers to be filed in court that disclose the name of or any other information

4   concerning a child shall be filed under seal ~~without necessity of obtaining a court order~~, and that

5   the person who makes the filing shall submit to the clerk of the court --

6            a.    the complete paper to be kept under seal; and

7            b.    the paper with the portions of it that disclose the name of or other

8   information concerning a child redacted, to be placed in the public record.

9        9.    The parties and the witnesses shall not disclose either alleged minor victim's

10   names at pre-trial proceedings or at trial in this case.  The parties shall prepare their witnesses

11   and instruct them to refer to the alleged minor victims only by their initials and all counsel shall

12   refer only to their initials, rather than their names, in opening statements and in closing

13   arguments.

14        10.    Rather than contacting either alleged minor victim directly, counsel for defendants

15   shall inform counsel for the government in the event they intend to seek to interview either

16   alleged minor victim in this case.  Upon such a request, government counsel shall inform the

17   minor victims of the request by defendants' counsel so that their communication may be

18   facilitated.

19        11.    If, in resolving this matter, defendant waives his right to appeal or to file any

20   collateral attack on his conviction or sentence, within ten court days of the judgment and

21   sentencing hearing in this matter, all material provided to defense counsel pursuant to this Order,

22   and all other authorized copies, if any, may be maintained (as provided in paragraph 1) by

23   defense counsel for 18 months, after which time the materials shall be returned to the

24   Government.  The Government shall maintain a copy of the materials in accordance with its

25   archival policies.

26        12.    If, in resolving this matter, the defendant preserves his right to appeal or to file

27   any collateral attack on his conviction or sentence, and if defendant believes that he or she must

28   maintain the material for any reason related to appeal or possible collateral attack, defendant

1  must notify the Government within ten days of the sentencing and judgment in this matter.  The

2  parties shall meet and confer on whether defendant must seek authorization from the District

3  Court to maintain the material.

4

5  STIPULATED:

6

7  DATED:        August 27, 2010

8  ROBERT J. BELES
   Attorney for Defendant James Dale Brown

9

10

11  JOSHUA HILL
    Assistant United States Attorney

12

13

14        SO ORDERED that disclosure of the above-described discovery materials and contact

15  with the minor victim shall be restricted as set forth above.

16

17

18  DATED:        August 27, 2010

    THE HONORABLE DONNA RYU
    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER
[CR-10-00488 PJH]                                  5